```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

WELLS FARGO BANK, N.A.,
Trustee for Registered
Holders of Merrill Lynch
Mortgage Pass-through Certificates,
Series 1999-C1, by Orix Capital
Markets, LLC as Special Servicer,
        Plaintiff,


    v.                                                  CIVIL ACTION NO.
                                                          10-11261-MBB


LEON NARBONNE, SR.
and DEVITT J. ADAMS,
        Defendants.


**MEMORANDUM AND ORDER RE:**
**DEFENDANT'S MOTION FOR RECONSIDERATION (DOCKET ENTRY # 35);**
**PLAINTIFF'S MOTION FOR INTEREST (DOCKET ENTRY # 34); PLAINTIFF'S**
**MOTION FOR SEPARATE AND FINAL JUDGMENT**
**(DOCKET ENTRY # 31)**

**September 30, 2013**

**BOWLER, U.S.M.J.**

      Pending before this court is a motion for reconsideration filed by defendants Leon Narbonne, Sr. ("Narbonne") and Devitt Adams ("defendants") against plaintiff Wells Fargo Bank, N.A. ("plaintiff").  (Docket Entry # 35).  Also pending before this court is plaintiff's motion for interest under Count One.  (Docket Entry # 34).  Plaintiff also seeks to dismiss Count Two under Rule 41(a)(2), Fed. R. Civ. P. ("Rule 41(a)(2)"), and for a separate and final judgment under Rule 54(b), Fed. R. Civ. P.,

("Rule 54(b)"), against defendants as to Count One. (Docket Entry # 31). Defendants oppose this motion (Docket Entry # 36) but do not oppose the motion to add interest to the damages award in Count One. After conducting a hearing, this court took the motions under advisement.

## BACKGROUND

The facts of this case are explained in detail in the September 30, 2012 Memorandum and Order (Docket Entry # 29) and need not be repeated at length. On July 28, 2010, plaintiff filed this lawsuit against defendants seeking: (1) damages for failing to pay and indemnify plaintiff as required under an Indemnity and Guaranty Agreement ("Guaranty Agreement") in Count One; and (2) damages arising from defendants' misleading representation in connection with the management of Ocean Mist Resort ("Resort") in Count Two. (Docket Entry # 1). On September 30, 2012, this court allowed summary judgment and awarded $931,285.85 damages as to Count One and denied summary judgment as to Count Two.

I. MOTION FOR RECONSIDERATION (DOCKET ENTRY # 35)

Defendants request this court "to reconsider its ruling to the effect that [a] Time Share is anything other than a form of title to real estate, substantially similar if not equal to ownership of a condominium . . .." (Docket Entry # 35-1, p. 1). They also seek reconsideration of the deficiency amount with

respect to the foreclosure.

## DISCUSSION

As an interlocutory ruling, this court has the discretion to reconsider the summary judgment ruling. See Geffon v. Micrion Corporation, 249 F.3d 29, 38 (1st Cir. 2001); see In Re Villa Marina Yacht Harbor, Inc., 984 F.2d 546, 548 (1st Cir. 1993) (court's inherent power is rooted in the equitable power to "process litigation to a just and equitable conclusion"); see generally Ellis v. United States, 313 F.3d 636, 646-48 (1st Cir. 2002). To succeed on a motion for reconsideration, "'the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law.'" Mulero-Abreu v. Puerto Rico Police Dept., 675 F.3d 88, 95 (1st Cir. 2012); accord Ellis v. U.S., 313 F.3d at 648 (reconsideration "warranted if there has been a material change in controlling law" or "newly discovered evidence bears on the question"). The existence of a manifest injustice also provides a basis for reconsideration. Ellis v. U.S., 313 F.3d at 648. The manifest injustice exception "requires a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong." Id.

A.  Deficiency Amount

Defendants do not identify the specific ruling in the 58 page decision that they seek to reconsider. Instead, they

request reconsideration:

> to the effect that [a] Time Share is anything other than a form of title to real estate, substantially similar if not equal to ownership of a condominium and are both controlled pursuant to the same Chapter M.G.L. 183. The form of ownership does not effect the form or process of operation of a resort.

(Docket Entry # 35-1, p. 1).

In seeking reconsideration, defendants repeat their previous argument that time share "ownership pursuant to chapter 183B is not inconsistent with the continuing operation of the property as a Condominium/Hotel." (Docket Entry # 24-2, p. 5). Thus, in opposing summary judgment initially, defendants argued that, "The form of ownership has very little if anything to do with the professional operation of the Condominium/Hotel." (Docket Entry # 24-2, p. 5).

The primary determination in the Memorandum and Order vis-à-vis a time share consists of the finding that time share ownership "is distinct and materially different from owning a property that does not include time share estates." (Docket Entry # 29, p. 50). The plain language of Massachusetts General Laws chapter 183A applies to condominiums whereas chapter 183B applies to time share estates. Thus, as correctly explained in the Memorandum and Order, "Listing a percentage of 'ownership' of these two properties" in Narbonne's personal financial statement "while omitting their operation as time shares is materially misleading with respect to the loan." (Docket Entry # 29, p.

4

50).

Defendants' argument that both time share and resort ownership are covered under Massachusetts General Laws chapter 183 ignores the statutory distinctions and the materiality of the financial implications of operating a time share resort as opposed to a condominium/hotel.  Defendants do not provide any newly discovered evidence or identify a manifest injustice resulting from this court's ruling.  Reconsideration is therefore improper.

    B.  <u>Price Unfairness</u>

Defendants also ask this court to reconsider the amount of deficiency with respect to the Resort's property valuation.  Defendants assert that the inadequacy of the price was so great that there is a manifest error of law as well as manifest injustice.

Defendants fail to meet the standard for reconsideration in asserting that the bidding price of the Resort at the foreclosure sale was an error of law or that newly discovered evidence warrants reconsideration.  "Absent evidence of bad faith or improper conduct, a mortgagee is permitted to buy the collateral at a foreclosure sale as 'cheaply' as it can."  <u>Resolution Trust Corp. v. Carr</u>, 13 F.3d 425, 430 (1st Cir. 1993) (citing <u>Chartrand v. Newton Trust Co.</u>, 296 Mass. 317, 320, 5 N.E.2d 421 (1936)).  Defendants' unsupported foreclosure deficiency assertion does not

amount to a manifest error of law.  There has been no newly discovered evidence for this court to reconsider the unfairness of the deficiency.  Finally, defendants fail to show that manifest injustice has resulted from the price deficiency determined by this court.  The record therefore fails to provide a sufficient basis to reconsider the inadequacy and deficiency of the Resort's valuation and foreclosure price.

II.  <u>MOTION FOR INTEREST (DOCKET ENTRY # 34)</u>

Plaintiff next seeks interest at a "Default Rate" set in a promissory note.  (Docket Entry # 34).  The motion sets out plaintiff's entitlement to interest under the language of the Guaranty Agreement, a mortgage and the promissory note in light of this court's allowance of summary judgment on Count One.  (Docket Entry # 34, pp. 2-4).  This court found defendants liable for a deficiency in the amount of $865,444.85 and lost income in the amount of $65,841.00.  Plaintiff calculates the interest amount on the deficiency at a default interest rate of 12.48% from May 27, 2010 to October 31, 2012, resulting in a total of $266,718.56 based on a daily amount of $300.02.  Plaintiff calculates the interest amount on the lost income or opportunity cost from July 2, 2010 to October 31, 2012, as $19,469.62 based on a daily amount of $22.82.

Defendants do not object to the rate of interest or to the calculation of the amounts of the interest.  Nor do they object

to the start dates of the accrual of interest as May 27, 2010, with respect to the deficiency and July 2, 2010, with respect to the lost opportunity cost.  Accordingly, they have waived their right to challenge these issues.  See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999) ("district court is free to disregard arguments that are not adequately developed"); see, e.g., In re Pharmaceutical Industry Average Wholesale Price Litigation, 588 F.3d 24, 31, (1st Cir. 2009) ("district court properly held that anything raised in [prior] pleading that Howe did not explain in the reply brief was waived"); see generally U.S. v. Dyer, 589 F.3d 520, 527 (1st Cir. 2009) (before "district court, Dyer never used the term 'specific intent' to set forth the legal requirements for applying § 2G2.4(c)(2), and has waived the argument").  An interest rate award for the May 27, 2010 to October 31, 2012 time period in the amount of $266,718.56 shall be added to the $865,444.85 deficiency award in Count One.  Likewise, an interest rate award for the July 2, 2010 to October 31, 2012 time period in the amount of $19,469.62 shall be added to the $65,841.00 lost income award in Count One.

Plaintiff additionally requests the default rate of interest on the deficiency amount and the lost opportunity cost amount run up to the date of "any separate and final judgment as to Count I of its Complaint."  (Docket Entry # 34).  As explained elsewhere,

a separate and final judgment under Rule 54(b) on Count One is not appropriate. Accordingly, this request is denied.

III. ENTRY OF JUDGMENT (DOCKET ENTRY # 31)

Plaintiff's motion is twofold. It seeks to dismiss Count Two without prejudice under Rule 41(a)(2) and then enter a final judgment under Rule 54(b). Turning to the first issue, "Rule 41(a)(2) establishes a framework for district courts to enter voluntary dismissals." Esso Standard Oil Co. (Puerto Rico) v. Rodriguez-Perez, 455 F.3d 1, 3 (1st Cir. 2006); see also Doe v. Urohealth Systems, Inc., 216 F.3d 157, 160 (1st Cir. 2000). By its terms, Rule 41(a)(2) applies to the dismissal of "an action." Rule 41(a)(2), Fed. R. Civ. P. Plaintiff seeks to use the framework of Rule 41(a)(2) to dismiss one claim as opposed to all of the claims against defendants. Even recognizing defendants' failure to identify the prejudice that would result with a dismissal of Count Two without prejudice, this court in its discretion will not overlook plaintiff's use of the incorrect rule to accomplish a dismissal of Count Two.

The plain language of Rule 41(a)(2) is unambiguous. It allows that "an action may be dismissed . . .." Rule 41(a)(2), Fed. R. Civ. P. (emphasis added). In contrast, Rule 41(b) allows an involuntary dismissal of "the action or any claim against" the defendant. See In re 229 Main Street Limited Partnership, 262 F.3d 1, 5-6 (1st Cir. 2001) (recognizing presumption that

Congress acts intentionally "'in the disparate inclusion or exclusion'" of terms in statutory sections) (quoting Duncan v. Walker, 533 U.S. 167, 173 (2001)).  The plain and ordinary language of Rule 41(a)(2) allows a plaintiff to dismiss an entire action against a defendant as opposed to one of several claims against a defendant.  See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004) (text of Rule 41 "does not permit plaintiffs to pick and choose, dismissing only particular claims within an action").  "'A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).'"  Id. (quoting 8 James Wm. Moore Moore's Federal Practice § 41.21[2] (3rd ed. 2013)).  A dismissal of Count Two is therefore inappropriate under Rule 41(a)(2).  Rule 15(a), Fed. R. Civ. P., remains available as a means to drop Count Two and seek relief at a later point in time in the event the statute of limitations has not run.[1]

Turning to the request to enter a Rule 54(b) judgment, that rule allows a district court to "enter partial final judgment related to a subset of the claims or parties involved, but 'only if the court expressly determines that there is no just reason for delay.'"  Boston Property Exchange Transfer Co. v. Iantosca,

---

[1] The limitations issue applies regardless of whether there is a dismissal of Count Two without prejudice under Rule 41(a)(2) or an amendment to drop Count Two under Rule 15(a), Fed. R. Civ. P.

720 F.3d 1, 7 (1st Cir. 2013). Certification under Rule 54(b) requires a two part determination "that (i) the ruling in question is final and (ii) there is no persuasive reason for delay." Gonzalez Figaro v. J.C. Penney Puerto Rico, Inc., 568 F.3d 313, 317 (1st Cir. 2009); accord Boston Property Exchange, 720 F.3d at 7.

Piecemeal appeals are not favored and waste judicial resources by avoiding a single determination of the merits of an entire case. See Kersey v. Dennison Manufacturing Co., 3 F.3d 482, 486 (1st Cir. 1993) (recognizing "strong judicial policy disfavoring piecemeal appellate review"); accord Willhauck v. Halpin, 953 F.2d 689, 701 (1st Cir. 1991). Counts One and Two are interrelated factually. Although plaintiff wishes to preserve Count Two depending on the outcome of any appeal on Count One by dismissing it without prejudice under Rule 41(a)(2), the entry of a separate final judgment under Rule 54(b) "should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (1st Cir. 1988). Separate final judgments under the rule "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Id. This is

not such an unusual case. In the event this court allowed leave to amend the complaint to omit Count Two, a final judgment under Rule 58, Fed. R. Civ. P., would be appropriate as opposed to a partial final judgment under Rule 54(b) because only Count One would remain.

## CONCLUSION

In accordance with the foregoing discussion, the motion for reconsideration (Docket Entry # 35) and the motion for entry of a Rule 54(b) judgment (Docket Entry # 31) are **DENIED**. The motion for interest (Docket Entry # 34) is **ALLOWED** to the extent set forth in this opinion.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge